FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 23 PM 1: 23

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARY COOKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-067 |
| | ) | (Formerly CR 103-064) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gary Cooke ("Petitioner"), an inmate presently confined at McRae Correctional Facility in McRae, Georgia, has filed with this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court because the United States of America ("the Government") has filed two motions (original and "supplemental") to dismiss Petitioner's § 2255 motion. (See doc. nos. 3, 4). Petitioner has filed a response. (Doc. no. 5). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 4) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

On April 15, 2004, pursuant to a negotiated guilty plea (see United States v. Cooke, CR 103-064, doc. nos. 75-77 (S.D. Ga. Jan. 9, 2004)(hereinafter "CR 103-064")), this Court convicted Petitioner of one count of conspiracy to produce false identification documents (in

violation of 18 U.S.C. § 371) and one count of illegal entry into the United States by a removed alien (in violation of 8 U.S.C. § 1326(a) & (b)) and sentenced Petitioner to 46 months of imprisonment as to each count, to run concurrently, followed by three years of supervised release as to each count, also to run concurrently. CR 103-064, doc. no. 99. The negotiated plea agreement contained an express appeal waiver, wherein Petitioner agreed to give up his rights to direct appeal and collateral attack of his conviction and sentence as follows:

> The defendant . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentenced imposed.

CR 103-064, doc. no. 76, pp. 3-4.

Furthermore, at the Rule 11 colloquy, the Court specifically cautioned Petitioner that, under the terms of the plea agreement, he had "agreed to waive any right to appeal from any sentence that is imposed in [his] case" and that he had also "agreed to waive or to give up any post conviction or habeas corpus attack on any sentence that is imposed in [his] case." CR 103-064, doc. no. 135, p. 17 (hereinafter "Rule 11 Transcript"). Nevertheless, under the plea agreement Petitioner did retain the right to file a direct appeal of his sentence should the Court "upwardly depart[] from the guideline range" or impose a sentence above the statutory maximum. CR 103-064, doc. no. 76, pp. 3-4; see also Rule 11 Transcript ("Tr."), pp. 17. In sum, both Petitioner's written plea agreement and the Court's admonition at the Rule 11 colloquy unequivocally informed Petitioner that, in accepting the plea agreement and pleading guilty, he would lose any right to direct appeal or collateral attack, provided of

course that the Court did not depart from the applicable sentencing range under the Federal Sentencing Guidelines ("guidelines") or impose a sentence in excess of the statutory maximum.

In the instant § 2255 motion, Petitioner argues: 1) his attempt to obtain a Georgia driver's license did not violate 18 U.S.C. § 371 because he did not intend to "directly defraud" the United States, and his counsel was constitutionally ineffective for failing to argue as much; 2) the sixteen-level enhancement applied to his sentence pursuant to USSG § 2L1.2(b)(1)(A)(i) violated the *ex post facto* clause of the Constitution, and his counsel should have argued as much; 3) the Court lacked jurisdiction to enhance his sentence based upon prior convictions because the United States failed to file a notice under 21 U.S.C. § 851; and 4) Petitioner's sentence is illegal because it violates the plea agreement and "exceeds the maximum penalty authorized for the offense of conviction." (Doc. no. 1, pp. 4-5, 10). In contrast, the Government contends that the instant § 2255 proceeding is barred by Petitioner's appeal waiver, discussed above, and should be dismissed. (Doc. nos. 3, 4). For the following reasons, the Court agrees with the Government.

## II. DISCUSSION

### A. Petitioner's Claims are Barred by an Enforceable Appeal Waiver.

A waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment

---

[1] By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

3

must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the Government meets this burden in the instant case, then Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, it is clear that Petitioner was fully aware of the significance of the appeal waiver, and entered into the plea agreement knowingly and voluntarily. Besides the fact that Petitioner signed the plea agreement (see CR 103-064, doc. no. 76, p. 10), as noted above, the Court conducted a Rule 11 colloquy and specifically explained to Petitioner the consequences of the appeal waiver. Rule 11 Tr., p. 17. Upon summarizing the plea agreement and the appeal waiver, the Court asked Petitioner, "[I]s that the way you understand your plea agreement?" Id. at 18. Petitioner responded, "Yes, sir." Id. The Court also directly asked Petitioner whether he had any questions about his plea agreement; Petitioner averred that he had no questions. Id.

Thus, even if Petitioner's counsel failed to properly explain the significance of the appeal waiver, no prejudice inured to Petitioner because the Court did not fail to do so. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge

4

v. Allison, 431 U.S. 63, 74 (1977). In sum, the Court concludes that the appeal waiver is valid and that Petitioner's instant § 2255 is barred.[2]

## B. Any Claim That Might Survive the Appeal Waiver is Meritless.

Of course, as mentioned above, Petitioner's appeal waiver would not have prevented him from appealing an upward departure from the guideline sentence range or the imposition of a sentence in excess of the statutory maximum. Petitioner does not argue that the Court departed from the applicable guideline range at sentencing; nor does the record provide any support for such a claim. Nevertheless, Petitioner does appear to argue that he was sentenced in excess of that allowed by law; however, these claims lack merit.

First, Petitioner's argument that the Court lacked jurisdiction to enhance his sentence because the Government failed to file a notice under § 851 is specious. By its terms, § 851 pertains only to convictions for drug offenses under Title 21 of the United States Code. See 21 U.S.C. § 851(a)(1). As Petitioner was convicted of violating 18 U.S.C. § 371 and 8 U.S.C. § 1326(a) & (b), his argument is illogical. Moreover, it is universally recognized that § 851 pertains only to *statutory* enhancements, not enhancements under the *guidelines* like that complained of by Petitioner. See Young v. United States, 936 F.2d 533, 535-36 (11th Cir. 1991)(explaining that § 851 applies only to statutory enhancements, rather than

---

[2]It should also be noted that Petitioner's attempt to couch his claims in terms of ineffective assistance of counsel is of no moment. Any ineffective assistance of counsel claim that does not relate directly to the voluntariness or intelligence of Petitioner's plea is barred by the waiver in Petitioner's plea agreement. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)(*per curiam*); see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-66 (N.D. Ga. 2004). Simply put, as the record affirmatively demonstrates that Petitioner entered into his plea agreement and its appeal waiver knowingly and voluntarily, his complaints regarding the assistance of counsel fail.

5

enhancements under the guidelines); United States v. Foster, 68 F.3d 86, 98 (4th Cir. 1995)(agreeing with First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits that § 851 does not apply to guideline enhancements).

Finally, Petitioner's argument that his sentence exceeds that allowed by Congress or contemplated by the plea agreement is equally frivolous. First, the plea agreement made no promises, predictions or guarantees regarding Petitioner's sentence. See CR 103-064, doc. no. 76. In addition, at the Rule 11 colloquy, the Court explicitly warned Petitioner of the extent of his sentencing exposure:

> I will advise [you] that . . . the conspiracy charge[] has a maximum penalty under federal law of a prison term of not more than five years; a fine of not more than $250,000; a period of supervised release of not more than three years; plus a $100 special assessment . . . [You are] also charged . . . [with] unlawful reentry by a removed alien . . . The maximum penalty for that charge is . . . a term of imprisonment of not more than twenty years; a fine of not more than $250,000; a period of supervised release of not more than three years; plus a $100 special assessment.

Rule 11 Tr., pp. 14-16. After informing Petitioner of his sentencing exposure, the Court specifically asked Petitioner whether he had any questions regarding the maximum penalty for each count to which he was pleading guilty; Petitioner averred that he had no questions. Id. at 14, 16.

Thus, Petitioner cannot seriously contend either that he was unaware of the extent of his sentencing exposure or that his sentence exceeded that contemplated by the plea agreement. In addition, the Court correctly informed Petitioner of the statutory maxima for the crimes to which he was pleading guilty, and the sentence imposed in Petitioner's case (described *supra*) falls well within the range prescribed by Congress. See 18 U.S.C. § 371

& 8 U.S.C. § 1326; see also 18 U.S.C. § 3583 (providing for term of supervised release after imprisonment). In sum, Petitioner's claims are barred by his valid and enforceable appeal waiver, and any claims which could conceivably survive the appeal waiver are legally frivolous.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 4) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 23rd day of September, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE